UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Johnna Andrisani,

        Plaintiff,

  v.

Commissioner of Social Security,[1]

        Defendant.

**Decision and Order**

17-CV-433 HBS
(Consent)

---

## I. INTRODUCTION

  The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c). The Court has reviewed the Certified Administrative Record in this case (Dkt. No. 7, pages hereafter cited in brackets), and familiarity is presumed. This case comes before the Court on cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. Nos. 11, 13.) In short, plaintiff is challenging the final decision of the Commissioner of Social Security (the "Commissioner") that she was not entitled to Disability Insurance Benefits under Title II, or Supplemental Security Income under Title XVI, of the Social Security Act. The Court has deemed the motions submitted on papers under Rule 78(b).

## II. DISCUSSION

  "The scope of review of a disability determination . . . involves two levels of inquiry. We must first decide whether HHS applied the correct legal principles in making the determination. We must then decide whether the determination is supported by substantial evidence." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) (internal quotation marks and citations omitted). When a district court reviews a denial of benefits, the Commissioner's findings as to any fact, if supported by

---

[1] The Clerk of the Court is directed to conform the caption of the case to the caption of this decision.

substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).

The substantial evidence standard applies to both findings on basic evidentiary facts, and to inferences and conclusions drawn from the facts. *Stupakevich v. Chater*, 907 F. Supp. 632, 637 (E.D.N.Y. 1995); *Smith v. Shalala*, 856 F. Supp. 118, 121 (E.D.N.Y. 1994). When reviewing a Commissioner's decision, the court must determine whether "the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Winkelsas v. Apfel*, No. 99-CV-0098H, 2000 WL 575513, at *2 (W.D.N.Y. Feb. 14, 2000). In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Briggs v. Callahan*, 139 F.3d 606, 608 (8th Cir. 1998). The Court may not reverse the Commissioner merely because substantial evidence would have supported the opposite conclusion. *Id.*

For purposes of Social Security disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other

2

kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

Plaintiff bears the initial burden of showing that her impairments prevent her from returning to her previous type of employment. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." *Id.*; *see also Dumas v. Schweiker*, 712 F.2d 1545, 1551 (2d Cir. 1983); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether any plaintiff is suffering from a disability, the Administrative Law Judge ("ALJ") must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing her past relevant work; and

(5) whether the impairment prevents the plaintiff from continuing her past relevant work; and whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; *Berry, supra*, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). However, the ALJ has an affirmative duty to develop the record. *Gold v. Secretary*, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a plaintiff from performing her past work, the ALJ is required to review the plaintiff's residual functional capacity ("RFC") and the

3

physical and mental demands of the work that she has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). The ALJ must then determine the individual's ability to return to her past relevant work given her residual functional capacity. *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994).

Here, plaintiff challenges the ALJ's reliance on a "state agency review analyst," also known as a "single decision-maker" ("SDM"), when determining her RFC. "This court should follow the holdings of the Northern District in holding that it is error for an ALJ to rely on the medical findings of an SDM. ALJ Harvey's reliance on SDM Socha's opinion resulted in harm to the Plaintiff, as the ALJ's limitation to light work neatly fit in with the functional capacity determined by SDM Socha. In particular, light work requires lifting no more than 20 lbs. at a time, with frequent lifting or carrying of up to 10 lbs., which is exactly the capacity determined by SDM Socha. (Tr. 80; 82). Reliance instead on Dr. Wajid's treating source opinion would have resulted in a significantly more restrictive RFC, likely leading to a finding of disability." (Dkt. No. 11-1 at 24; *see also* Dkt. No. 16 at 2 ("As argued, the single decision maker was not an acceptable medical source, and his opinion should not have been relied on.").) The Commissioner responds that the state agency review analyst was not the only influence on plaintiff's RFC:

> Plaintiff argues that remand is necessary because the ALJ improperly gave some weight to the opinion of the Single Decision Maker (Tr. 82, 158-59) (Pl. Br. 23-24). First, contrary to Plaintiff's suggestion, the ALJ's RFC finding does not "neatly fit" into the Single Decision Maker's RFC finding (Pl. Br. 24). While the ALJ found that Plaintiff could perform light work, the ALJ also imposed significant postural, manipulative, and environmental limitations that were not included in the Single Decision Maker's RFC (Tr. 25, 158-59). Second, even if the ALJ's RFC finding matched that of the Single Decision Maker, it would not support remand as the RFC finding is supported by substantial evidence, namely Dr. Miller's opinion and the examination, laboratory, and diagnostic findings (Tr. 81-85). "While it is indeed an error to treat a disability analyst as a doctor, the ALJ's error was harmless because his RFC finding is supported by substantial evidence." *Koch v. Colvin*, 570 Fed. App'x 99, 102 (2d Cir. June 25, 2014) (summary order) (citing *Tankisi v. Comm'r of Soc. Sec.*, 521 F.App'x 29, 34 (2d Cir. 2013)).

(Dkt. No. 13-1 at 17–18.)

Plaintiff has the better argument. The SDM model was a prototype procedure for disability determination tested for several years in some regions including New York. *See*, *e.g.*, Modifications to the Disability Determination Procedures; Extension of Testing of Some Disability Redesign Features, 79 Fed. Reg. 39453-01, 2014 WL 3347766 (Jul. 10, 2014). "Under the single decision-maker model, a single decision-maker [would] make the initial determination with assistance from medical or psychological consultants, where appropriate. This individual [would] make the disability determination and determine whether the other conditions for entitlement to benefits based on disability [had been] met." Barbara Samuels and Paul M. Ryther, *Single decision-maker at application*, 1 Soc. Sec. Disab. Claims Prac. & Proc. § 15:45 (2nd ed. 2003 and 2018 Supp.). Where the model operated, the Commissioner understood that an SDM "is not a medical professional of any stripe, and a finding from such an individual is entitled to no weight as a medical opinion, or to consideration as evidence from other non-medical sources." *Foxx v. Astrue*, No. CIV.A. 08-00403-KD-B, 2009 WL 2899048, at *7 (S.D. Ala. Sept. 3, 2009) (internal quotation marks and citations omitted). Because SDMs were designed and tested for initial claim determinations, they were not to be "afforded any evidentiary weight at the administrative hearing level." *Hart v. Astrue*, 32 F. Supp. 3d 227, 237 (N.D.N.Y. 2012). Where ALJs mistakenly relied on SDM opinions anyway, the question of remand depended on the extent to which the rest of the record independently would have led the ALJ to the same RFC determination. *See Tankisi v. Comm'r*, 521 Fed. App'x 29, 35 (2d Cir. 2013) (summary order). Concerns about an indeterminate level of intertwining between an SDM's opinion and other medical evidence weigh in favor of remand. *See Yorkus v. Astrue*, No. CIV.A. 10-2197, 2011 WL 7400189, at *5 (E.D. Pa. Feb. 28, 2011) ("While the ALJ did review Plaintiff's medical records and treatment notes in making his determination, we cannot determine if he would have come to the same result that he did if he had initially disregarded the RFC

5

assessment."). Intertwining is the problem here. Unlike other cases, the ALJ here did not assign the SDM "great weight" and did cite other medical findings in the record. *Compare, e.g., Ratliff v. Colvin*, No. CIV.A. 0:13-084-DCR, 2014 WL 3797365, at *9 (E.D. Ky. Aug. 1, 2014) (finding that "whether substantial evidence supports the ALJ's final determination is in question" because of assignment of "great weight" to SDM opinion) *with Hart*, 32 F. Supp 3d at 237 (harmless error where ALJ gave SDM opinion "minimal weight"). Nonetheless, the ALJ did assign the SDM "some weight." [86.] *Cf. Velasquez v. Astrue*, No. 06-CV-02538-REB, 2008 WL 791950, at *3 (D. Colo. Mar. 20, 2008) (inferring that the ALJ placed at least some weight on the SDM opinion and remanding despite ALJ claims that the RFC "was consistent with the record as a whole"). The ALJ further appears to have used the SDM's opinion as a template or an anchor for a light-work RFC, with modifications to be added based on available medical evidence.

Under these circumstances, the Court cannot tell how much influence the SDM's opinion had over the ALJ's analysis. *Cf. Miller v. Astrue*, No. 1:10CV1028-WC, 2012 WL 174589, at *3 (M.D. Ala. Jan. 23, 2012) (SDM opinion that was "deeply intertwined" with the ultimate RFC determination required remand). Remand is appropriate to eliminate the ambiguity. Remand also will eliminate the inconsistent application of 20 C.F.R. §§ 404.1513 and 416.913. The ALJ used these regulations to discount a licensed clinical social worker as "not an authorized source" [90]; that same logic should have discounted the SDM. The Court expresses no opinion as to whether and how the RFC determination should change once the influence of the SDM's opinion is eliminated. Additionally, plaintiff has raised other issues to challenge the Commissioner's final determination, but the Court will not address those issues at this time. Upon remand, the Commissioner is free to revisit those other issues as might be appropriate.

6

## III.  CONCLUSION

For the above reasons, the Court denies the Commissioner's motion (Dkt. No. 13). The Court grants plaintiff's cross-motion (Dkt. No. 11) in part to vacate the Commissioner's final decision and to remand the matter for further proceedings consistent with this Decision and Order. The Court denies plaintiff's cross-motion to the extent that it seeks any other relief.

The Clerk of the Court is directed to close the case.

SO ORDERED.

                                              __/s Hugh B. Scott_____
                                                 Hon. Hugh B. Scott
                                                 United States Magistrate Judge

DATED: March 21, 2019